# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4043 | **DATE** | 9/22/2011 |
| **CASE TITLE** | The Workplace Safety and Insurance Board et al v. Mid-Seven Transportation | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, defendant's motion to dismiss with prejudice Michael Desjardins as an individual plaintiff (doc. # 8) is granted. Mr. Desjardins is terminated as a plaintiff in the case. The case shall continue against defendant, with the Workplace Safety and Insurance Board, as Subrogee of Michael Desjardins, as the sole plaintiff. All previously set schedules in the case remain unchanged.

■[ For further details see text below.]   Notices mailed by Judicial staff.

00:00

# STATEMENT

On December 16, 2010, plaintiff Michael Desjardins, a resident of Ontario, Canada, was injured when the vehicle he was driving on Interstate 80 in Illinois was struck by a semi tractor-trailer (doc. #1: Compl. at ¶¶ 4, 7). In compensation for his injuries, Mr. Desjardins elected to receive benefits from plaintiff Workplace Safety and Insurance Board ("WSIB"), pursuant to the Ontario Workplace Safety and Insurance Act (the "Act"), S.O. 1997, c. 16, Sch. A, § 30(2) (*Id.* at ¶¶ 8, 10). In so doing, Mr. Desjardins signed an Election Form (doc. # 12: Pl.'s Resp., Ex. B), in which he acknowledged that "I understand that I may claim WSIB benefits OR I may be able to sue the person(s) who may have caused the collision, I cannot do both" (emphasis in original).

Plaintiffs, WSIB and Mr. Desjardins, represented by the same attorney, then brought this action in Illinois State Court alleging that defendant Mid-Seven Transportation is liable for the alleged negligence of the driver of the semi-tractor-trailer, an alleged agent or employee of defendant (*Id.* at ¶ 6). The two counts of the complaint are identical, except Count I is brought by "WSIB as Subrogee of Michael Desjardins," and Count II is brought by "Michael Desjardins, individually" (*Id.*). After removing the case to federal court, defendant moved to dismiss Mr. Desjardins, individually, for lack of standing under Federal Rule of Civil Procedure 12(b)(6), because he elected to receive benefits from the WSIB rather than to pursue his own claim in court (doc. #8: Mot. to Dismiss at 2).

Under Section 30(10) of the Act, "if the worker or survivor elects to claim benefits under the insurance plan, . . . the Board is subrogated to the rights of the worker or survivor in respect of the action. The Board is solely entitled to determine whether or not to commence, continue or abandon the action and whether to settle it and on what terms." S.O. 1997, c. 16, Sch. A, § 30(10). In other words, "[i]f the worker elects to claim benefits under the Act, all his rights in respect of the injury are subrogated. If he elects to sue in tort he receives no benefits under the Act." *Sutor v. Ontario*, O.J. No. 311; 2003 ON.C. Lexis 356 (Ont. Ct. App. Feb. 6, 2003).

As subrogee, WSIB has "step[ped] into the shoes of" Mr. Desjardins. *CNA Ins. Co. V. DiPaulo*, 794 N.E.2d 965, 968 (Ill. App. Ct. 2003). Mr. Desjardins may not sue defendant in his individual capacity, making

| STATEMENT |
|---|

the same claims as the WSIB. "There is no double recovery under the Workers' Compensation Act." *Sutor*, O.J. No. 311. The Act gave Mr. Desjardins the option to pursue damages himself, but Mr. Desjardins chose to avoid the risk of litigation and elected to receive worker's compensation benefits. Having made that election, he has relinquished his right to sue individually for damages resulting from the collision.

We recognize that under the Act, Mr. Desjardins is still entitled to receive the portion of any recovery WSIB may obtain in this suit that exceeds the amount of benefits that it paid to Mr. Desjardins (doc. #1: Compl. at ¶ 13). But that entitlement does not give Mr. Desjardins the quite different right to pursue a claim directly, in his individual capacity, against the defendant. Under the statutory scheme, Mr. Desjardins's election has put the right to proceed in this action solely in the hands of the WSIB. Moreover, contrary to Mr. Desjardins's argument (Pl.'s Resp. at 3), the election form that Mr. Desjardins signed makes that abundantly clear. In that form, Mr. Desjardins acknowledged that he could claim WSIB benefits *or* file a suit, but not both. In addition, in that form Mr. Desjardins acknowledged that "by choosing to receive WSIB benefits, I transfer my right to start any lawsuits to the WSIB," and that "only the WSIB" can start a lawsuit "against anyone concerning this collision" (Pl.'s Resp., Ex. B). Nothing in the statute or in the election form reserves to Mr. Desjardins the right to pursue this lawsuit in his individual capacity.

Therefore, defendant's motion to dismiss with prejudice Mr. Desjardins as a plaintiff in his individual capacity is granted (doc. # 8).

| | Courtroom Deputy Initials: | JJ |
|---|---|---|